Mr. Justice Gantt,
dissenting, delivered the following opinion :
Dissenting from the opinion delivered in this case, I *6 will, very briefly assign some of the reasons upon which my opinion is formed.
The 2d ground, taken in the brief, “ that the offence (if committed at all) was committed in Williamsburgh, and not in Charleston district,” appears to me conclusive, in favour of the defendant.
The Grand Jury are sworn to enquire only for the body of the county, and cannot enquire of a fact done out of the county, for which they are sworn, unless particularly enabled by statute. The act of assembly here does not authorize it, consequently, the offence was cognizable only in the district where committed. See Jacob's Law Dictionary, title, Indictment. In 1 Hale’s P. C. 507, it is said, offences must be enquired into, as well as tried, in the coufity where the fact is committed, yet, if larceny be committed in one county, and the goods carried into another, the offender may be indicted in either, for the offence is complete in both. But for robbery, burglary and the like, an offender can only be indicted where the fact was actually committed.
The offence here charged, is made felony without benefit of clergy, and falls strictly within the reason of the class of cases last mentioned. The doctrine in relation to larceny cannot be resorted to, on the part of the state,, for the mere purpose of proving a taking, which would subject the offender to an indictment in any court where possession of the goods was had, and considered as inapplicable in respect to the value of the goods. If correctly applied to prove the taking, it follows, in my opinion, that 'the Jury might find the value to be under twelve pence, and the party to be guilty of petit larceny only. But this I take to be a strained and inadmissible construction of the act, and that the law in relation to larceny has nothing to do with the case. In H. P. C. 203, it is said, that if upon not guilty pleaded to an indictment, it shall appear that the offence was done in a county different from that in which the indictment was found, the defendant shall be acquitted. Now, as the owner and employer of this slave *7 lived in Williamsburgh district, and tbe services-of tbe negro were necessarily confined to that district, it follows that tbe offence could only be laid therein, and consequently the defendant, according to law, was entitled to an acquittal.
A negro who is absent from his master’s service, and out of his possession, might, by possibility, so artfully conduct himself, as to be carried away without any criminal intent by the person who has him in possession. Under such circumstances could a felony be committed by the mere act of carrying away ? '1'he legislature evidently contemplated at the time of passing this act, that the of-fence could only be committed vvhere the negro was, when taken, in the service of the master or employer; and the only correct reading of the act, in my opinion, is to say, that it designed to punish :
1st. The inveigling with a negro, so as to induce -him to leave the service of the master or employer, and go off with the inveigler.
2d. Where a person shall steal and carry away a negro, whereby the master or employer is deprived of his service.
To inveigle with, or steal a negro, without carryingaway, would not subject the party to the penalty; because the owner or employer has not been deprived of the use and benefit of the slave.
Negroes have volition. It was seen that a certain description of them could not be stolen and carried off without their assent — such come under the first description of cases. Others, against whom force might be applied, and taken off, nolens volens, fall within the latter description. In the particular case, if the negro (who was a runaway) had previously absented himself from the service of his employer, the defendant, by taking him into possession, and endeavouring to sell him, may, thereby, have paved the way to the owners re-possession and enjoyment of the benefit and services of the slave. The object of the law was to punish with death, where the conduct of the ac- *8 eused went to deprive the owner or employer oí such. ben. fit.
Penal statutes have ever received a strict construction* Under the sanction and force of this acknowl-.dg'-d rule, I am of opinion, that the proofs on the trial did not support the charge in the indictment. The act certainly contt m-piates two distinct species of taking, one from the owner, the other from the employer. Both are alike punishable with death* Where the legislature have drawn the discrimination, it is not for-the court to say that it is unimportant. The reason why the law punishes, is, because the owner or employer is deprived of the service of the slave* Where is the injury to the owner, if an employer of a slave is deprived of his services, provided the slave is in place when the time of service has expired? I can sec none. The negro was by contract in the possession of another, not the owner, and who was to receive one half of his services ; hence the propriety of the discrimination taken in the act, and the necessity of the proof going to substantiate the count as laid. The owner of a slave put out to service could not support a civil suit, for deprivation of service, till the expiration of the time that the employer was to have him ; afortiori, an indictment under such circumstances, cannot be supported. Indictments like the present must have a precise and sufficient certainty. The place where the offence was committed, must be particularly set forth, and shown to be within the jurisdiction of the court, unless, as Ilawkms says, in his 2d vol. of P. C. chap. 25, where the place is laid, not merely as a venue, but as part of the description of the fact; and in a case like the present, it would he most proper that it should be so laid. The offence, as laid in the indictment, has not been proved. The place where the offence was committed, and the person who has been deprived of the service, were proved on the trial, not to be as set forth in the indictment; and I have no doubt but according to established law in criminal cases, and especially in cases so highly penal as the present, the defendant could not under such circumstances, con- *9 -ústent with law, have been found guilty. If the law is in favour oí the defendant, I feel bound by its dictates, however ma»'h Such a construction may militate against what is deemed the policy of the state. Judges may construe, but have no power to make, a law to fit the case. The busir.-ss of legislation belongs not to the bench, and there is nothing in this act which warrants a departure from the established rule of construction in criminal cases of this nature. For these reasons, I dissent from the opinion delivered in this case.
Dunlin and Hunt, for the motion.
Hayne, Attorney-General, contra.